**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CLAUDE JORDAN, III,** | : | |
| Plaintiff | : | |
| vs. | : | NO.  5:05-CV-233(CAR) |
| **JOHNSON STATE PRISON,** | : | |
| **DR. I ALSTON, and** | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| **MR. RONNIE LAWRENCE,** | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| Defendants | : | |

# ORDER AND RECOMMENDATION

Plaintiff CLAUDE JORDAN, III**,** an inmate at Johnson State Prison in Wrightsville, Georgia has filed the instant civil rights complaint under 42 U.S.C. §1983.  Plaintiff sought and was granted leave to proceed *in forma pauperis* and supplemented his complaint as ordered by the court. Tabs #4 and #6.

## I. STANDARD OF REVIEW

### A.  28. U.S.C. § 1915A

Because plaintiff sought leave to proceed *in forma pauperis*, the court is conducting a review of the instant complaint under 28 U.S.C. §1915(e)(2).  On review, the court is required to identify cognizable claims or dismiss the complaint, or portions thereof, if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2).

1

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. *Id.* at 327; *See also* ***Clark v. Georgia Pardons & Paroles Bd.,*** 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### *B.  General Requirements of 42 U.S.C. §1983*

In any action under 42 U.S.C. §1983, the initial question presented to the court is whether the essential elements of a §1983 cause of action are present. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, he must allege that the act or omission was committed by a person acting under color of state law. ***Parratt v. Taylor***, 451 U.S. 527, 535, *overruled in part on other grounds,* 474 U.S. 327 (1986).

## *II.  PLAINTIFF'S ALLEGATIONS*

Plaintiff alleges in the supplemented complaint that defendant RONNIE LAWRENCE took plaintiff's wheelchair in retaliation for plaintiff's having filed a lawsuit against Jackson State Prison. Plaintiff also avers that defendant Lawrence placed him in administrative segregation without cause where plaintiff was unable to shower for two months. Plaintiff further contends that defendant DR. I ALSTON refused to prescribe medication for what plaintiff describes as "severe [and] c[h]ronic injuries," including headaches, neck, back and nerve damage and asthma attacks. According to plaintiff, he had six asthma attacks that were not treated in addition to an incident when plaintiff states that he "blacked out" and was left lying on the floor. He seeks compensatory and punitive damages as well as injunctive relief and attorney's fees and costs.

### III. RECOMMENDATION OF DISMISSAL

A plaintiff proceeding under §1983 is limited with respect to whom he may sue. A state and its agencies are not "persons" who may be sued under §1983.[1] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars a plaintiff's § 1983 action against the State of Georgia and the GDOC for both monetary damages and injunctive relief. *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir. 1989); *Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). Thus, JOHNSON STATE PRISON is not a "person" who may be sued under §1983.

For these reasons JOHNSON STATE PRISON must be dismissed from this action. It is so **RECOMMENDED**. Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

### IV. ORDER FOR SERVICE

It is well established that an act of retaliation for the exercise of a constitutionally protected right is actionable under §1983 even if the act when taken for a different reason would have been proper. *Wildberger v. Bracknell*, 869 F.2d 1467 (11th Cir. 1989). Hence, plaintiff has stated a cognizable claim against defendant Lawrence.

---

[1] 42 U.S.C. §1983 provides in part:
Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress (Emphasis added)

3

Also, it is well settled that a denial of medical treatment amounts to an Eighth Amendment violation if the prison official demonstrated a deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976).  Further, "failure to respond to a known medical problem can also constitute deliberate indifference."  *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).  Accordingly, the court concludes that plaintiff has made sufficient allegations against defendant DR. I ALSTON to survive review under 28 U.S.C. §1915(e)(2).

Accordingly, it is **ORDERED AND DIRECTED** that service be made upon defendants ALSTON and LAWRENCE as provided by law and that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915 and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ ### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendant is advised that he/she is expected to <u>diligently</u> defend all allegations made and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositve motions has passed.

4

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to FILE original motions, pleadings, and correspondence with the Clerk of Court; to SERVE copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a **CERTIFICATE OF SERVICE** indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).  THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

**DISCOVERY**

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT FROM WHOM DISCOVERY IS SOUGHT BY PLAINTIFF. DEFENDANT SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by defendant, unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.

This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline. DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party!**

The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations.</u>

☞ <u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **<u>SEPARATE MOTION</u>** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

**ELECTION TO PROCEED BEFORE THE
UNITED STATES MAGISTRATE JUDGE**

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters.  In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or non-jury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties.  Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞   After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office **WITHIN FIFTEEN (15) DAYS**.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED and RECOMMENDED, this 30th day of DECEMBER, 2005

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (E.G., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT</u>.

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.  THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OR A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.