IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CLAUDE JORDAN, III,

              Plaintiff

  VS.

DR. I. ALSTON, *et al.*,

             Defendants

NO. 5:05-CV-233 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Pending before the court is the **MOTION FOR SUMMARY JUDGMENT** filed in the above-styled §1983 case on behalf of MARY ALSTON, M. D. and RONNIE LAWRENCE, Deputy Warden of Security at Johnson State Prison. Tab #31. The defendants' motion is supported by a brief, a Statement of Undisputed Material Facts, and a number of attached exhibits. Plaintiff CLAUDE JORDAN, III has submitted what is captioned as a Motion for Summary Judgment but which appears more to be a response to the defendants' motion. Tab #39. It will be treated as such by the undersigned. Plaintiff's pleading is accompanied by a brief and a number of exhibits.[1]

Plaintiff Jordan has alleged that (1) defendant LAWRENCE retaliated against him for filing grievances and/or lawsuits; (2) defendant DR. ALSTON exhibited deliberate indifference to his serious medical needs; and (3) he [plaintiff] was improperly held in administrative segregation for an extended period of time [two months] during which time he was not permitted to shower.

---

[1] To the extent that plaintiff pleading (Tab #39) may be considered a motion seeking summary judgment, it is recommended that such relief be DENIED for the reasons set forth within the body of this Recommendation.

# SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. **Clark v. Coats & Clark, Inc**., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

---

[2]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

**FACTS**

On May 19, 2005, plaintiff Jordan, who had been incarcerated since February 2, 2004, was transferred from Georgia Diagnostic and Classification Prison (GDCP) to Johnson State Prison (JSP). Upon his arrival at JSP, on that same date, he was immediately placed in administrative segregation because of an incident that had occurred at GDCP. After about two weeks, he had a segregation hearing at which the warden, who is not a defendant in this action, determined that he should remain in segregation.

On June 9, 2005, plaintiff failed to get his room ready for inspection. Plaintiff did not participate in the segregation hearing that ensued, and he remained in segregation.

Plaintiff Jordan claims, *inter alia*, that he was kept in segregation for two months without being given an opportunity to shower. However, the only evidence before the court tending to support his contention is found in the plaintiff's own deposition. All other evidence before the court demonstrates that his contentions are exaggerated at least and completely fabricated at the most, showing that plaintiff Jordan refused to shower some fifteen times during the two months that he was in segregation. *See* Affidavit of Ronnie Lawrence, Tab #30-5 at ¶¶ 7-16, and attachments thereto.

Plaintiff Jordan also claims that he was denied medical treatment while at JSP, including being denied pain medication, an Albuterol inhaler, and a wheelchair. The defendants have provided the affidavit of Dr. Alston which demonstrates that she provided the plaintiff with adequate care for the duration of the time he was under her care and that any denial of medication was done for a medical reason. Specifically, Dr. Alston became concerned that the plaintiff was on four pain medications and thought it prudent to discontinue one or more to see the effects. Affidavit of Dr. Alston at ¶¶ 20, 30. Additionally, Dr. Alston did not refill the plaintiff's inhaler because she could not find a medical reason to prescribe it. Id. at ¶22. Dr. Alston also discontinued plaintiff's wheelchair profile. This was done for a legitimate medical purpose in order to ascertain whether he, in fact, actually needed to be in a wheelchair.[3] Dr. Alston's affidavit is uncontroverted; plaintiff Jordan has not provided *any* medical evidence to support his contention that he was denied proper medical treatment by Dr. Alston.

---

[3] While the plaintiff was incarcerated at GDCP, a CERT team officer took his wheelchair. That CERT team officer is not a defendant in this case.

## DISCUSSION
## Retaliation

Plaintiff Jordan alleges that defendant Lawrence was responsible for the taking the plaintiff's wheelchair, and he apparently believes that his wheelchair was taken out of retaliation against him for the filing of a lawsuit against GDCP. However, the plaintiff made clear in his deposition that it was a CERT team officer, and not Lawrence, who took his wheelchair. Moreover, plaintiff has failed to establish that Lawrence had any knowledge of any lawsuit or that he had any other retaliatory motive. Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment be **GRANTED** with respect to plaintiff's claims of retaliation.

To the extent that plaintiff Jordan has sued defendant Lawrence for taking his wheelchair as a cause of action by itself (as opposed to being in conjunction with a retaliation claim), his claim also fails because he has not alleged that he suffered any damages in connection with being without a wheelchair. Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment be **GRANTED** with respect to any claims regarding the taking of his wheelchair.

## Administrative Segregation

Plaintiff claims that he was unjustly kept in administrative segregation for two months upon his arrival to JSP. A prisoner does not have an inherent right not to be placed in disciplinary segregation. ***Sandin v. Conner***, 515 U.S. 472 (1995). "[W]here to house inmates is at the core of prison administrators' expertise." ***McDuke v. Lile***, 536 U.S. 24, 39 (2002).

While plaintiff has not established that either defendant had any hand in putting the plaintiff in, or keeping him in, segregation,[4] the defendants have shown that there were legitimate penological reasons for keeping him in segregation, including the disciplinary report he received immediately prior to his entry into JSP and his failure to participate in a hearing regarding his segregation.

As for plaintiff Jordan's claims regarding not being able to shower, he again fails to establish exactly what connection either defendant in this case had to any alleged deprivation of shower privileges. Certainly, such a connection is necessary to hold them liable. However, even if the court takes the plaintiff at his word and assumes that the prison records are incorrect, he has again failed to show any damages as a result of not showering.[5]  "[A]n injury can be objectively, sufficiently serious only if there is more than *de minimis* injury." **Boxer X v. Harris**, 437 F.3d 1107, 1111 (11th Cir. 2006) (internal quotations omitted). Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment be **GRANTED** with respect to all claims relating to the plaintiff's housing and shower restrictions.

### Deliberate Indifference to Serious Medical Needs

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97 (1976). Over the last thirty years, the Eleventh Circuit has refined *Estelle*:

---

[4]The wardens of JSP over the course of the plaintiff's incarceration there are not parties to this lawsuit, though they appear to be the individuals who had control over the plaintiff's housing assignment.

[5]Prison records provided by the defendants show that plaintiff was given numerous opportunities to shower but failed to avail himself of those opportunities. The records further indicate that he, in fact, did shower during some of the time period in question.

> *To show an objectively serious deprivation, it is necessary to demonstrate, first, an objectively serious medical need, one that, if left unattended, poses a substantial risk of serious harm, and second, that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain and not merely accidental inadequacy, negligence in diagnosis or treatment or even medical malpractice actionable under state law. Similarly, to show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of deliberate indifference, which is in turn defined as requiring two separate things: awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and drawing of the inference. Ultimately, there are thus four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts.*

**Taylor v. Adams,** 221 F.3d 1254, 1258 (11th Cir. 2000) (footnotes, punctuation, and citations omitted). At most, what the plaintiff has presented to the court is a disagreement with the treatment regimen prescribed by Dr. Alston. An inmate's mere disagreement with the course of medical treatment does not amount to deliberate indifference. *See* **Hamm v. DeKalb County**, 774 F.2d 1567, 1575. (11th Cir. 1985).

Plaintiff Jordan has not provided ***any*** medical evidence to refute or contradict the evidence presented by defendant Alston that adequate medical care was provided to him: Alston could find no medical reason for the plaintiff to be prescribed an inhaler; could not find any reason for him to have a wheelchair; and wanted to experiment with a new pain relief regimen because she feared that having him on four strong medications might not be in his best interest. Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment be **GRANTED** with respect to all claims of deliberate indifference to plaintiff's serious medical needs.

## CONCLUSION

Based on all of the evidence presented to the court, the undersigned finds that there is no legitimate dispute over any issue of material fact. Plaintiff Jordan has failed to demonstrate that any person is liable for retaliation, deliberate indifference, or improper segregation. Furthermore, he has failed to demonstrate that even if any of his constitutional rights had been violated, that violation was because of the actions or inactions of either defendant DR. ALSTON or Deputy Warden LAWRENCE. Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 8th day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE